# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHLEEN SUE VERA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:18-cv-01524-SAB<br><br>ORDER DENYING PLAINTIFF'S SOCIAL SECURITY APPEAL<br><br>(ECF Nos. 15, 16, 17) |

## I.

## INTRODUCTION

Kathleen Sue Vera ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability benefits pursuant to the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Stanley A. Boone.[1]

Plaintiff suffers from lumbar and cervical degenerative disc disease and headaches. For the reasons set forth below, Plaintiff's Social Security appeal shall be denied.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for a period of disability and disability insurance

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge. (See ECF Nos. 5, 6.)

1

benefits on February 5, 2015. (AR 70.) Plaintiff's application was initially denied on August 26, 2015, and denied upon reconsideration on October 27, 2015. (AR 72-75, 79-83.) Plaintiff requested and received a hearing before Administrative Law Judge Joyce Frost-Wolf ("the ALJ"). Plaintiff appeared for a hearing on July 13, 2017. (AR 29-57.) On November 17, 2017, the ALJ found that Plaintiff was not disabled. (AR 10-23.) The Appeals Council denied Plaintiff's request for review on September 13, 2018. (AR 1-3.)

### A. Hearing Testimony

Plaintiff appeared and testified at the July 13, 2017 hearing with the assistance of counsel. (AR 35-49.) Plaintiff was born on March 5, 1965. (AR 35.) Plaintiff attended college. (AR 36.) She lives in a single story home with her husband and two children, ages 22 and 17. (AR 36.) They have a dog. (AR 36.)

The majority of Plaintiff's work experience was with Pacific Bell or AT&T, but she also worked for Veterans' Supply. (AR 37.) Plaintiff basically did sales and customer service. (AR 37.) When working for Pacific Bell or AT&T, she would sit at a desk and answer calls all day. (AR 37.) She worked with Quickbooks doing accounting and some filing for Veterans' Supply. (AR 37.) She was mostly sitting. (AR 38.) She did not do any heavy lifting for any of her jobs. (AR 37.)

Plaintiff began having difficulties with her back while she was working for AT&T. (AR 38.) Plaintiff did go back to work because she felt better after being off work for some time. (AR 38.) Her pain is starting to come back a little more. (AR 38.)

When she is home, Plaintiff will go swimming in the pool and will pretty much recline all day. (AR 38-39.) Plaintiff has been back to work since December 1, 2016, working part-time, five hours a day five days a week. (AR 39, 40.) Plaintiff is mainly seated but does get up and move around during the day. (AR 40.) Her pain is not where it was but it is increasing when she sits for long periods of time. (AR 39.)

Plaintiff is most comfortable when she is reclining. (AR 39.) When she is home, Plaintiff spends much of the day reclining but she will get up to fix dinner and make lunch. (AR 39.) She will get up and walk around a little bit. (AR 40.) Plaintiff does chores but takes a lot

of breaks. (AR 40.) Plaintiff can work fifteen to twenty minutes before she will need a break, but that varies. (AR 41.) Plaintiff can cook for an hour because she will be moving around and then she will start to get flu like symptoms from standing too long and her lower back will start aching and get stiff. (AR 41.) Sitting makes her back worse and she cannot sit in one position for too long. (AR 41.) Sitting causes her to have sciatic nerve in her right leg and sometimes her left. (AR 42.) She needs to get up and move around. (AR 41.)

Plaintiff's medications make her really tired. (AR 42.) She will be tired all day when she takes her medication. (AR 42.) During the day, Plaintiff gets relief with her medications, but at night her back always gets stiff and she sleeps with a heating pad every night, even when it is hot. (AR 42, 46.) She cannot sleep on her stomach so she is not comfortable at night. (AR 42.) Her left hip aches. (AR 42.) Night is her worse time because she is not moving around. (AR 42.)

Plaintiff has been given tramadol, muscle relaxers, and Ibuprofen to help her sleep. (AR 43.) She has been given way too many medications. (AR 43.) She takes her medication as needed, but she takes the tramadol every night. (AR 43.) She takes Ibuprofen for the inflammation. (AR 43.) Plaintiff had cut down on her medication but is increasing them again since she went back to work. (AR 43.) Plaintiff's headaches have also started to increase since she went back to work. (AR 44.) Plaintiff has constant pain in her neck. (AR 44.) The pain starts from her back or her neck and her neck will get really stiff. (AR 44.) She treats her back and her headache pain with the same medications. (AR 44.)

Plaintiff is getting to the point where she is not going to be able to work. (AR 43.) She noticed when she stopped working that she was getting better. (AR 43.) As soon as she started sitting again on a regular basis her symptoms started getting worse. (AR 43.) Swimming helps her back. (AR 44.) She likes getting into the pool and just relaxing. (AR 44.) She does not really swim, she just gets in the pool and kind of floats. (AR 47-48.) Plaintiff tries to walk at least fifteen minutes every day but will get stiff after a time. (AR 48.) Sometimes she walks longer depending on how she feels. (AR 48.0 The physical therapist told her that it was good for her to ride a stationary bike, but she does not because it kind of hurts when she goes down.

1 (AR 48.) Although she went to physical therapy it did not help her. (AR 48.) She went to
2 physical therapy on and off for five years and then ended up settling her Worker's Compensation
3 case. (AR 49.)

Plaintiff has had x-rays and MRI's but most of the MRI's have come out normal. (AR
45.) Dr. Schroeder took x-rays and told her that her problem is at L4, L5, and the SI joint. (AR
45.) That was about five or six years ago. (AR 45.) She is the only doctor who has told Plaintiff
what her problem is. (AR 45.) The other doctors just relied on the MRIs. (AR 46.)

Plaintiff cannot lift more than five pounds because it will hurt her back. (AR 46.) She
will get sharp pains. (AR 46.) It is very hard to bend from the waist because she is stiff. (AR
46.) Plaintiff cannot lift her leg so it is difficult to put her shoes on. (AR 46.) Her back is stiff a
lot. (AR 46.) Sometimes Plaintiff's feet will swell. (AR 47.) She has pain in her left hip every
night. (AR 47.)

Plaintiff saw a chiropractor and the treatments helped. (AR 47.) She also uses a TENS
unit every other day to every three days for about fifteen minutes. (AR 47.)

Judith L. Najarian, a vocational expert ("VE"), also testified at the hearing. (AR 50-55.)

**B.     ALJ Findings**

The ALJ made the following findings of fact and conclusions of law.

- Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2021.
- Plaintiff has not engaged in substantial gainful activity since the alleged onset date of January 15, 2015.
- Plaintiff has the following severe impairments: lumbar and cervical degenerative disc disease.
- Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.
- Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) except: Plaintiff can frequently climb stairs and ramps. Plaintiff can never climb ladders, ropes, and scaffolds. Plaintiff can frequently

balance; and can occasionally stoop, kneel, crouch, and crawl. Plaintiff can have occasional exposure to extreme cold.

- Plaintiff is capable of performing past relevant work as a customer service representative. This work does not require the performance of work-related activities precluded by Plaintiff's residual functional capacity.

- Plaintiff has not been under a disability as defined in the Social Security Act from January 15, 2015, through the date of this decision.

(AR 15-23.)

## III.

## LEGAL STANDARD

To qualify for disability insurance benefits under the Social Security Act, the claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Regulations set out a five step sequential evaluation process to be used in determining if a claimant is disabled. 20 C.F.R. § 404.1520; Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1194 (9th Cir. 2004). The five steps in the sequential evaluation in assessing whether the claimant is disabled are:

> Step one: Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.
>
> Step two: Is the claimant's alleged impairment sufficiently severe to limit his or her ability to work? If so, proceed to step three. If not, the claimant is not disabled.
>
> Step three: Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R., pt. 404, subpt. P, app. 1? If so, the claimant is disabled. If not, proceed to step four.
>
> Step four: Does the claimant possess the residual functional capacity ("RFC") to perform his or her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant's RFC, when considered with the claimant's age, education, and work experience, allow him or her to adjust to other work that

exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006).

Congress has provided that an individual may obtain judicial review of any final decision of the Commissioner of Social Security regarding entitlement to benefits. 42 U.S.C. § 405(g). In reviewing findings of fact in respect to the denial of benefits, this court "reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means more than a scintilla, but less than a preponderance. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996) (internal quotations and citations omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Thomas v. Barnhart, 278 F.3d 947, 955 (9th Cir. 2002) (quoting Flaten v. Sec'y of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995)).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Hill, 698 F.3d at 1159 (quoting Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006). However, it is not this Court's function to second guess the ALJ's conclusions and substitute the court's judgment for the ALJ's. See Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

## IV.

## DISCUSSION AND ANALYSIS

Plaintiff contends that the ALJ failed to properly consider the opinions of Dr. Richard Baker who conducted an agreed upon evaluation in her Workman's Compensation case and William Foxley, her treating physician.

Defendant counters that the ALJ properly gave the greatest weight to the medical opinions that were supported by and consistent with the record as a whole. Defendant argues

that the ALJ properly gave little weight to the opinion of Dr. Baker because it predated the alleged disability onset date and that Plaintiff returned to work and responded well to subsequent treatment after the opinion and that the ALJ properly considered that Dr. Foxley's opinion was inconsistent with the relatively benign examination findings and her improvement with medication, physical therapy, and chiropractic treatment.

Plaintiff replies the defendant's reliance on <u>Garrison v. Colvin</u>, 759 F.3d 995 1012 (9th Cir. 2014) is misplaced because the case did not concern the ALJ considering the doctor's opinion regarding disability. Relying on <u>Reddick v. Chater</u>, 157 F.3d 715, 715 (9th Cir. 1998), Plaintiff asserts that in disability benefit cases, the ALJ cannot discredit the doctor's opinion because the doctor characterizes the claimant as disabled. Plaintiff argues that if Dr. Baker's opinion is credited as true then she cannot perform her past relevant work. Further, Plaintiff contends that Dr. Baker's opinion is relevant because she is alleging a disability that resulted from a gradual onset of symptomology and pain. Plaintiff contends that her disabling pain persists despite her treatment and that the ALJ failed to properly consider the opinion of Dr. Foxley.

**A.     Physician Opinion**

The weight to be given to medical opinions depends upon whether the opinion is proffered by a treating, examining, or non-examining professional. <u>See</u> <u>Lester v. Chater</u>, 81 F.3d 821, 830-831 (9th Cir. 1995). "Generally, the opinions of examining physicians are afforded more weight than those of non-examining physicians, and the opinions of examining non-treating physicians are afforded less weight than those of treating physicians. <u>Orn v. Astrue</u>, 495 F.3d 625, 631 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(1)-(2)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014) (citing 20 C.F.R. § 404.1527(d)(3)). The contrary opinion of a non-examining expert is not sufficient by itself to constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, however, "it may constitute substantial evidence when it is consistent with other independent evidence in the

record." Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). The ALJ need not accept the opinion of any physician that is brief, conclusory, and unsupported by clinical findings. Thomas, 278 F.3d at 957.

Here, the agency physicians and consultative examiner found that Plaintiff had more functionality than was found by Drs. Foxley or Baker. Therefore, the Court must consider whether the ALJ provided specific and legitimate reasons to reject the opinions of Drs. Foxley and Baker.

1. Dr. Foxley's Opinion

Plaintiff argues that the ALJ erred by rejecting the September 2015 medical source statement completed by Dr. Foxley. Plaintiff contends that the ALJ erred in rejecting the opinion of Dr. Foxley as inconsistent with the medical record because the treatment notes consistently document abnormal gait and muscle guarding. Further, Plaintiff argues that while Plaintiff's medication was decreased she still has frequent muscle spasms and moderate to severe back pain. Plaintiff also contends that the ALJ erred by finding that she generally responded well to treatment because being able to function somewhat does not reasonably direct the conclusion that Plaintiff can perform work on a sustained basis. Finally, Plaintiff contends that despite her treatment she continues to have disabling pain.

The ALJ considered Dr. Foxley's September 2015 Physical Residual Functional Capacity Medical Source Statement. (AR 20, AR 433-431.) Dr. Foxley opined that due to Plaintiff's medical impairments and limitations she was unable to obtain and retain work in a competitive environment eight hours a day, five days a week. (AR 20, 441.) Dr. Foxley opined that Plaintiff had a number of limitations, including an inability to lift and carry more than 5 pounds frequently and 10 pounds occasionally; climb steps without the use of a handrail at a reasonable pace; problems with stooping, crouching, and bending; and an inability to sit, stand, or walk for longer than one hour. (AR 22, 438-439.) Dr. Foxley also opined that Plaintiff would be absent five days or more in a month. (AR 22, 441.) The ALJ found that Dr. Foxley's opinion was inconsistent with the record as a whole including his own examinations of Plaintiff. (AR 22, 442-568.) The ALJ found that although Plaintiff reported flare-ups she had generally responded

well to treatment, and notably had over time, been able to reduce the amount of Tramadol that she was taking, and she repeatedly reported improvement with physical and chiropractor therapy. (AR 22.)

Plaintiff argues that she still has muscle spasms and moderate to severe back pain. However, the ALJ found that Plaintiff's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not credible. (AR 17-18.) Plaintiff has not raised the credibility finding in the opening brief and has therefore waived any challenge to the credibility findings. Ghanim v. Colvin, 763 F.3d 1154, 1165 (9th Cir. 2014).

Plaintiff also argues that the ALJ erred in finding that the objective medical findings did not support the opined limitations because the medical record demonstrated muscle spasms and muscle guarding. However, the ALJ did not find that Plaintiff had no limitations, but that the limitations opined were not as limiting as opined. The ALJ found that Plaintiff could perform light work, but could only frequently climb stairs and ramps, and balance; can occasionally stoop, kneel, crouch, and crawl; and could never climb ladders, ropes, or scaffolds. (AR 16.) Further, due to the findings that cold aggravated her symptoms, the ALJ limited Plaintiff to occasional exposure to extreme cold. (AR 16.) The residual functional capacity findings need not be identical to the relevant limitations but must be consistent with them. Turner v. Comm'r of Soc. Sec., 613 F.3d 1217, 1223 (9th Cir. 2010).

Plaintiff argues that the ALJ erred by finding that she had responded well to treatment. (AR 18.) However, there is substantial evidence in the medical record that Plaintiff received adequate pain control from her medications. See Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (finding the ALJ properly failed to credit doctor opinion where the functional limitations were undermined by a conservative course of treatment and improvement in the claimant's condition.) Dr. Foxley noted that Plaintiff did quite well after she was consistently receiving her pain medication and her VAS scores were consistent with improvement of pain control. (AR 444, 448, 452, 456, 460, 464, 473, 477, 481, 489, 492, 497, 500, 506.) He noted that she had adequate pain reduction with pain medication, improved activities of daily living, was functioning better, and was able to sit and stand longer. (AR 444, 448, 452, 456, 460, 464,

473, 477, 481, 489, 492, 497, 500, 506.) On February 25, 2016, Dr. Foxley stated in a letter that review of the records indicated that Plaintiff had adequate pain control with Tramadol. (AR 469.)

In fact, several months later, sometime prior to December 8, 2015, Dr. Foxley released Plaintiff to work without restrictions which is inconsistent with the limitations opined in the September 2015 report. (AR 443, 447, 451, 455, 459, 463, 472, 476, 480.) A conflict between the treatment notes and the provider's opinion may constitute an adequate reason to discredit the opinion. Ghanim, 763 F.3d at 1161.

The ALJ also considered that Plaintiff had improved to the point that on May 12, 2015, the amount of Tramadol that she was taking was decreased because Plaintiff stated that she believed she could get by on a lessor amount. (AR 20, 512.)

Finally, Plaintiff consistently reported that when she had a flare of her symptoms she received pain relief from physical therapy or chiropractic treatment. (AR 20, 262, 269, 280, 420, 422, 423-424, 425, 554.)

The ALJ provided specific and legitimate reasons for the weight provided to Dr. Foxley's opinion that are supported by substantial evidence in the record.

2. Dr. Baker's Opinion

The ALJ provided little weigh to the opinion of Dr. Baker who examined Plaintiff with respect to her work related injury. (AR 19.) In October 2012 and September 2014, Dr. Baker opined that Plaintiff was capable of doing her usual and customary work. (AR 19, 247, 304-317.) In November 2014, Dr. Baker opined that Plaintiff was incapable of performing her usual and customary work, but was capable of performing modified or alternate work with restrictions. (AR 19, 251-254.) Dr. Baker opined that Plaintiff should be restricted from lifting more than 5 to 10 pounds, repetitive neck motions, repetitive bending/stooping or twisting of the back and sitting more than 75% of the work day. (AR 254.) Dr. Baker stated that it was his opinion that Plaintiff should have interruption in sitting activity at least hourly as dictated by symptomatology. (AR 254.) Dr. Baker found that Plaintiff was in all reasonable medical probability incapable of continuing usual and customary work but was capable of performing

1  modified or alternate work with restrictions. (AR 254.)

2  The ALJ noted that whether or not the claimant was disabled was an issue reserved for
3  the Commissioner and the opinion that Plaintiff was disabled was not given any special weight,
4  and because the opinions were based on worker's compensation standards and not Social
5  Security Standards. (AR 20.)

6  The ALJ gave little weight to Dr. Baker's November 2014 opinion because it was prior to
7  the alleged date of disability and the subsequent medical record showed that Plaintiff had
8  improved with treatment, was more functional than alleged, and had returned to work part-time.
9  (AR 20.) Plaintiff argues that the fact that the opinion was issued prior to the alleged onset date
10 is not a specific and legitimate reason to reject it. Defendant counters that the ALJ properly gave
11 little weight to the opinions because they are prior to the alleged disability date. However, the
12 ALJ rejected the opinion not only based on when it was issued but because after the alleged
13 onset date, Plaintiff improved with treatment.[2]

14  As discussed above, there is substantial medical evidence in the record supporting the
15 ALJ's finding that Plaintiff had improved with treatment. Plaintiff argues that the Dr.
16 Schroeder's record demonstrate that any improvement was transitory. However, as discussed
17 above Dr. Foxley consistently reported contrary findings and it is for the ALJ to resolve any
18 inconsistencies in the record. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008);
19 Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Plaintiff argues for a different result based
20 on her view of the evidence, but "[w]here evidence is susceptible to more than one rational
21 interpretation, it is the ALJ's conclusion that must be upheld." Burch, 400 F.3d at 679.

22  Finally, Plaintiff admitted at the hearing that she had returned to work part-time, and as
23 discussed above, Dr. Foxley released her to work prior to December 2015 without restrictions.
24 The ALJ provided a specific and legitimate reason to reject the limitations opined by Dr. Baker.
25 ///

26

---

27 [2] Because the ALJ provided specific and legitimate reasons to reject the opinion of Dr. Baker, any other error would
   be harmless. Therefore, the Court shall not address Plaintiff's other arguments. Burch, 400 F.3d at 679; Molina v.
28 Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).

11

## V.
## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ did not err in the weight provided to the opinions of Drs. Baker and Foxley. Accordingly, IT IS HEREBY ORDERED that Plaintiff's appeal from the decision of the Commissioner of Social Security is DENIED. It is FURTHER ORDERED that judgment be entered in favor of Defendant Commissioner of Social Security and against Plaintiff Kathleen Sue Vera . The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated: __**October 3, 2019**__

UNITED STATES MAGISTRATE JUDGE